# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re: JEFFERY WATSON POTTER,             No. 7-05-14071 MS

    Debtor.

_____

UNITED STATES TRUSTEE,

    Plaintiff,

v.                            Adversary No. 07-1084 M

JEFFERY WATSON POTTER,

    Defendant

And

YVETTE J. GONZALES, Chapter 7 Trustee,

    Plaintiff,

v.                            Consolidated into
                                      Adversary No. 07-1083 M

JEFFERY WATSON POTTER,

    Defendant.

## MEMORANDUM OPINION

Before the Court are two motions for summary judgment: 1) Plaintiff United States Trustee's Motion for Summary Judgment ("UST's Motion"); and 2) Plaintiff's Motion for Summary Judgment in Adversary Proceeding No. 07-1084 ("Chapter 7 Trustee's Motion") and Memorandum in Support of Plaintiff's Motion for Summary Judgment in Adversary Proceeding No. 07-1084. *See* Docket No. 72, Docket No. 73, and Docket No. 74. Defendant Jeffery Watson Potter did not file an objection to either motion, but appeared *pro se* at the final hearing

1

at which he offered certain exhibits in defense of the motions. At the conclusion of the final hearing on the UST's Motion and the Chapter 7 Trustee's Motion, held March 16, 2009, the Court directed Plaintiff United States Trustee and Plaintiff Yvette J. Gonzales, Chapter 7 Trustee, to file any objection to Mr. Potter's proposed exhibits no later than March 23, 2009, and took the matters under advisement.

The United States Trustee and Yvette J. Gonzales, Chapter 7 Trustee each seek to deny Mr. Potter's discharge under 11 U.S.C. § 727(a), though each relies in part upon different factual allegations to support their claims.[1] Both The United States Trustee and the Chapter 7 Trustee assert that Mr. Potter's pre-petition sale of his partnership interest in Monte Mac No. 2, a California limited partnership ("Monte Mac") that was not disclosed in his bankruptcy statements and schedules supports a claim to deny Mr. Potter's discharge under 11 U.S.C. § 727(a)(2)(A) and/or 11 U.S.C. § 727(a)(4).[2]

---

[1] The United States Trustee filed her Complaint Objecting to the Debtor's Discharge under 11 U.S.C. § 727 on June 11, 2007 as Adversary Proceeding No. 07-1083M. On the same date, the Chapter 7 Trustee filed her Complaint Objecting to Discharge under 11 U.S.C. Section 727 as Adversary Proceeding No. 07-1084M. Because both complaints seek to deny Mr. Potter's discharge under 11 U.S.C. § 727(a) and share common questions of fact and law, the Court consolidated Adversary Proceeding No. 07-1084 M with Adversary Proceeding No. 07-1083M for all purposes. *See* Order Granting Jeffery Potter's Motions for Consolidation with Adversary Proceeding No. 07-1084 M and Denying Stay of Proceedings - Docket No. 41.

[2] The Chapter 7 Trustee also seeks summary judgment on the following claims: 1) a claim for denial of discharge under 11 U.S.C. § 727(a)(3) and/or (a)(4) based on Mr. Potter's post-petition receipt of $6,800 representing a refund of California property taxes and his failure to provide the Chapter 7 Trustee with an accounting of the refund; 2) a claim for denial of discharge under 11 U.S.C. § 727(a)(3) based on Mr. Potter's failure to provide the Chapter 7 Trustee with a copy of the mold inspection report for the property located at 53 La Vista, Santa Fe, New Mexico and his failure to provide the Chapter 7 Trustee with copies of medical records relating to his alleged injuries from mold poisoning; and 3) a claim for denial of discharge under 11 U.S.C. § 727(a)(2)(A) and (B), (a)(4)(C) and (a)(7) based on Mr. Potter's actions in connection with Adversary Proceeding No. 05-1151. The United States Trustee's Motion also

2

Upon review of the UST's Motion, the Chapter 7 Trustee's Motion, and the supporting documentation, the Court finds that there are sufficient undisputed facts to support the denial of Mr. Potter's discharge as a matter of law under 11 U.S.C. § 727(a)(4) based upon his undisclosed pre-petition sale of his partnership interest in Monte Mac. Those same facts do not, however, support summary judgment under 11 U.S.C. § 727(a)(2). Because there is sufficient undisputed evidence concerning the pre-petition sale of Mr. Potter's interest in Monte Mac from which to conclude that Mr. Potter's discharge should be denied, the Court need not reach the parties' additional arguments in support of summary judgment as to the remaining claims of either the United States Trustee or the Chapter 7 Trustee to deny Mr. Potter's discharge under 11 U.S.C. § 727(a)(2), (a)(3), (a)(4), (a)(5), and/or (a)(7).[3]

## SUMMARY JUDGMENT STANDARDS

It is appropriate for the Court to grant summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P., made applicable to bankruptcy proceedings by Rule 7056, Fed.R.Bankr.P. "[A] party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and . . . [must] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323,

---

asserts that Mr. Potter's failure to keep and preserve books and records from which his financial condition may be ascertained supports a denial of discharge under 11 U.S.C. § 727(a)(3).

[3]*See In re Beaubouff,* 966 F.2d 174, 177 (5th Cir. 1992)("If any one of these grounds justifies the denial of discharge, we need not decide the propriety of the others.")(citation omitted).

3

106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In determining whether summary judgment should be granted, the Court will view the record in the light most favorable to the party opposing summary judgment. *Harris v. Beneficial Oklahoma, Inc. (In re Harris),* 209 B.R. 990, 995 (10th Cir. BAP 1997)(citing *Wolf v. Prudential Ins. Co. of America,* 50 F.3d 793, 796 (1995)(remaining citations omitted)). In order to defeat a motion for summary judgment, the opposing party may not simply rest on its pleading or denials of the allegations; rather, the opposing party must demonstrate that genuine issues of material fact require a trial. *See* Rule 56(e), Fed.R.Civ.P., made applicable to bankruptcy proceedings by Rule 7056, Fed.R.Bankr.P. (A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.").[4] "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

Mr. Potter did not submit any affidavits in defense of the UST's Motion or the Chapter 7 Trustee's Motion, but sought to introduce certain exhibits at the final hearing. The United States Trustee objected to the admission of these exhibits, asserting that Mr. Potter failed to establish a proper evidentiary foundation, and that the exhibits are inadmissible hearsay evidence to the extent prepared by someone other than Mr. Potter. The United States Trustee argues

---

[4]*See also Razzaboni v. Schifano (In re Schifano),* 378 F.3d 60, 66 (1st Cir. 2004)("The non-moving party must show more than conclusory allegations, improbable inferences or unsupported speculation to establish genuine issues of material fact.").

4

further that because Mr. Potter failed to respond to discovery, and failed to comply with the Court's order compelling discovery,[5] which provided that Mr. Potter would not be allowed to introduce at trial any document he did not produce through discovery, he should not be allowed to introduce the documents in defense of the motions for summary judgment. The Chapter 7 Trustee's objection to Mr. Potter's exhibits echos the objections of the United States Trustee.

Upon consideration of Mr. Potter's proposed exhibits, the Court finds that they should be admitted over the objections of the United States Trustee and the Chapter 7 Trustee. The disc offered by Mr. Potter at the final hearing consists of profit and loss and general ledger statements relating to several limited liability companies in which Mr. Potter held an interest. Because they are relevant to the claims that Mr. Potter has failed to maintain or keep accurate records, and because they appear to fit within the business records exception[6], the Court will admit them for the limited purpose of responding to the UST's Motion and the Chapter 7 Trustee's Motion.

## DISCUSSION

Because of the "fresh start" policy underlying the Bankruptcy Code and the harshness of the penalty of denial of a debtor's discharge, the Court construes the discharge provisions under the Bankruptcy Code liberally in favor of the debtor and strictly against the party objecting to discharge.[7] Nevertheless, a debtor who seeks the protections afforded under the Bankruptcy

---

[5]*See* Order Granting Motion for Order Compelling Discovery Under Rule 7037, granting the United States Trustee's motion for order compelling discovery (Docket No. 64). *See also,* Order Granting, In Part, and Denying, In Part, Motion for Order Compelling Discovery Under Rule 7037 and for Sanctions for Failure to Cooperate in Discovery (Docket No. 65), relating to Chapter 7 Trustee's motion to compel discovery.

[6]*See* Fed. R. Evid. 803(6).

[7]*See Rosen v. Bezner,* 996 F.2d 1527, 1534 (3rd Cir. 1993)(noting that "§ 727 is to be construed liberally in favor of the debtor and that a total bar to discharge is an extreme

5

Code has a duty to fully disclose the nature of his assets and financial affairs when completing his statements and schedules. [8] The denial of discharge provisions serve to ensure that "'those who seek the shelter of the shelter of the bankruptcy code do not play fast and loose with their assets or with the reality of their affairs.'"[9]

Even when a debtor's intent is at issue under the denial of discharge provisions, the undisputed facts may be so overwhelming as to support summary judgment.[10] Thus, summary

---

penalty."); *Freelife Int'l, LLC v. Butler (In re Butler),* 377 B.R. 895, 915 (Bankr.D.Utah 2006)(stating that "'[e]xceptions to discharge are to be construed strictly against a creditor and liberally in favor of the debtor.'")(quoting *In re Kontrick,* 295 F.3d 724, 736 (7th Cir. 2002)(remaining citation omitted)). *See also Gullickson v. Brown (In re Brown),* 108 F.3d 1290, 1292 (10th Cir. 1997) (acknowledging generally "that the Bankruptcy Code must be construed liberally in favor of the debtor and strictly against the creditor.")(citation omitted)).

[8]*Butler,* 377 B.R. at 914-15 ("In exchange for that 'fresh start,' the Code requires debtors to accurately and truthfully present themselves before the court.")(citing *Farouki v. Emirates Bank Int'l, Ltd.* 14 F.3d 244, 249 (4th Cir. 1994)). *See also, The Cadle Co. v. King (In re King),* 272 B.R. 281, 300 (Bankr.N.D.Okla. 2002)("'The bankruptcy schedules and statement of affairs do not ask the debtor to make an assessment of what he thinks are important assets or debts. Debtor[s] must, under oath, list all creditors and assets, as well as all transfers of property within the prior year.'")(quoting *Superior Nat'l Bank v. Schroff (In re Schroff)*, 156 B.R. 250, 256 (Bankr.W.D.Mo.1993)).

[9]*Palmacci v. Umpierrez,* 121 F.3d 781, 786 (1st Cir. 1997)(quoting *Boroff v. Tully (In re Tully),* 818 F.2d 106, 110 (1st Cir. 1987)).

[10]*See In re Chavin,* 150 F.3d 726, 728 (7th Cir. 1998)("A denial of knowledge may be so utterly implausible in light of conceded or irrefutable evidence that no rational person could believe it; and if so, there is no occasion to submit the issue of knowledge to determination at a trial.")(citing *Seshadri v. Kasraian,* 130 F.3d 798, 801-02 (7th Cir. 1997)(remaining citations omitted)). *See also In re Kontrick,* 295 F.3d 724 (7th Cir. 2002), *aff'd,* 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d. 867 (2004)(affirming bankruptcy court's grant of summary judgment on claim to deny the debtor's discharge under § 727(a)(2) based on subjective intent to hinder, delay, or defraud a creditor by transferring or concealing estate property); *Garrett v. Vaughan (In re Vaughan)*, 342 B.R. 385, 2006 WL 751388 (10th Cir. BAP 2006) (Table, text in Westlaw No. WO-05-028), *aff'd,* 233 Fed. Appx. 783 (10th Cir. 2007) (affirming grant of summary judgment under § 727(a)(4)(A) where debtor failed to list certain assets and interests on schedules); *First Nat'l Bank, Larned v. Davison (In re Davison),* 296 B.R. 841 (Bankr.D.Kan. 2003), *aff'd,* 2004 WL 2852352 (10th Cir. BAP 2004) (summary judgment granted under § 727(a)(4)(A) where

6

judgment may be granted even though subjective factors such as the debtor's intent or motive are at issue when "the movant produces sufficient evidence to support its asserted inference, and the respondent fails to produce significantly probative evidence to counter the inference."[11]

Undisputed Facts

The following facts are not in dispute:

1. Defendant Jeffery Potter filed a voluntary petition under Chapter 11 of the Bankruptcy Code on Mary 19, 2005 as Case No. 11-05-14071 MS.

2. Mr. Potter filed his Schedules and Statement of Financial Affairs ("SOFA") on June 17, 2005. *See* Case No. 11-05-14071 MS - Docket No. 18.

3. The case converted to Chapter 7 on November 26, 2006. *See* Order Granting Motion to Convert Case to Chapter 7 (Case No. 7-05-14071 MS - Docket No. 228)

4. Pre-petition, Mr. Potter owned an interest in a limited partnership known as Monte Mac.

5. Monte Mac owned several shopping centers.

6. The schedules filed in Mr. Potter's bankruptcy case do not show any interest in Monte Mac, nor does the SOFA reflect any transfer of an interest in Monte Mac during the year prior to the filing of the bankruptcy petition.

7. At the first meeting of creditors following the filing of Mr. Potter's Chapter 11

---

debtors failed to disclose certain substantial pre-petition transfers).

[11]*Towle v. Hendrix (In re Hendrix),* 352 B.R. 200, 204-05 (Bankr.W.D.Mo. 2006)(citing *United Mortgage Corp. v. Mathern*, 137 B.R. 311, 322 (Bankr.D.Minn.1992)(remaining citations omitted).

7

petition, Mr. Potter testified that he had reviewed the Schedules and SOFA, that they were true and correct, and that he listed in his Schedules all property in which he had an interest as of the petition date.

8. Mr. Potter's bankruptcy counsel filed a motion to withdraw, which the Court granted on May 22, 2006. *See* Case No. 7-05-14071 MS - Docket No. 186.

9. On April 11, 2007, at the meeting of creditors following the conversion of Mr. Potter's bankruptcy case to Chapter 7, Mr. Potter testified that he had owned an interest in Monte Mac, and that he sold that interest for $72,000, but could not recall when he sold his interest in Monte Mac.

10. Mr. Potter executed an Agreement Re Purchase of Limited Partnership Interest ("Purchase and Sale Agreement") on April 15, 2005, approximately one month before the date of the filing of his voluntary petition. *See* Exhibit 1 to UST's Motion. The Purchase and Sale Agreement provided for the sale of Mr. Potter's 1.6% interest in Monte Mac for $70,400. *Id.*

11. Robert A. Potter, Mr. Potter's father, was a party to the Purchase and Sale Agreement and one of the purchasers of Mr. Potter's 1.6% interest in Monte Mac. *Id.*

12. Mr. Potter received $70,400 in exchange for the sale of his 1.6% interest in Monte Mac to his father and three other purchasers in April of 2005.

13. Mr. Potter never filed an amendment to his schedules or SOFA to reflect his interest in Monte Mac or the pre-petition sale of his interest in Monte Mac.

<u>The Undisputed Facts are Insufficient to Grant Summary Judgment Under 11 U.S.C. §727(a)(2)(A) - Transfer or Concealment of Property</u>

A debtor's discharge may be denied under 11 U.S.C. § 727(a)(2)(A) if the debtor has fraudulently transferred or concealed property within one year before the petition date. 11

8

Case 07-01083-m    Doc 89    Filed 06/23/09    Entered 06/23/09 15:32:47 Page 8 of 17

U.S.C. § 727(a)(2)(A). That section provides:

> The court shall grant the debtor a discharge, unless –
> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed –
> (A) property of the debtor, within one year before the date of the filing of the petition[.]

11 U.S.C. § 727(a)(2)(A).

The party seeking to deny a debtor's discharge under 11 U.S.C. § 727(a)(2)(A) bears the burden of proving all elements by a preponderance of the evidence.[12] Denial of discharge under this section requires a showing of "*actual* intent to defraud creditors."[13] But because a debtor is unlikely to admit fraudulent intent through direct testimony, the Court may infer the existence of fraudulent intent based on the surrounding facts and circumstances and the debtor's course of conduct.[14]

The undisputed facts establish that Mr. Potter sold his 1.6% interest in Monte Mac within one-year of the date of the filing of the petition. At the final hearing, he asserted that his interest was held by the California Legal Defense and Maintenance Trust, but offered no evidence to support that assertion. To the contrary, the Purchase and Sale Agreement clearly reflects that Mr. Potter held the 1.6% interest in Monte Mac. *See* Exhibit 1. It is also undisputed that Mr. Potter received $70,400 from the pre-petition sale of his interest in Monte Mac. These facts

---

[12]*See First Nat'l Bank of Gordon v. Serafini (In re Serafini),* 938 F.2d 1156, 1157 (10th Cir. 1991)(standard of proof for action under 11 U.S.C. § 727(a)(2) is by a preponderance of the evidence, not clear and convincing standard); *Davison,* 296 B.R. at 845 (preponderance of evidence standard applies to claim for denial of discharge under 11 U.S.C. § 727(a)(2)).

[13] *Marine Midland Bus. Loans, Inc. v. Carey (In re Carey),* 938 F.2d 1073, 1077 (10th Cir. 1991)(emphasis in original)(citations omitted).

[14]*Turner v. Keck (In re Keck),* 363 B.R. 193, 200 (Bankr.D.Kan. 2007).

9

establish that Mr. Potter transferred property of the debtor within one year of the date of the petition. The remaining element under 11 U.S.C. § 727(a)(2)(A) is whether Mr. Potter transferred his interest in Monte Mac with actual intent to hinder, delay, or defraud a creditor.

Courts often look to certain "badges of fraud" to assist in evaluating a debtor's intent under 11 U.S.C. § 727(a)(2).[15] Those include: 1) whether the transfer was made gratuitously; 2) whether the debtor continues to use the transferred property; 3) whether the property was transferred to a family member; 4) whether the transfer was concealed; 5) whether the transfer occurred immediately before the filing of the bankruptcy; 6) whether the conversion of assets resulted in the insolvency of the debtor; and 7) the value of the converted assets.[16]

The circumstances surrounding the Monte Mac transaction could support an inference of fraudulent intent. On the eve of bankruptcy, Mr. Potter liquidated his interest in Monte Mac for cash, spent the money, and failed to disclose the transfer in his bankruptcy schedules. In

---

[15]*See, e.g., Brown,* 108 F.3d at 1293 (evaluating bankruptcy court's application of the "badges of fraud" to denial of discharge action under 11 U.S.C. § 727(a)(2)(A)); *Groman v. Watman (In re Watman),* 301 F.3d 3, 8 (1st Cir. 2002) (noting that "courts have identified several objective indicia that, taken together, strongly indicate fraudulent intent."); *Keck,* 363 B.R. at 199 (stating that "[c]ourts typically look for specific indicia of fraud, often referred to as 'badges of fraud,' when analyzing a case under § 727(a)(2)(A).").

[16]*Marine Midland Bus. Loans, Inc. v. Carey (In re Carey)*, 938 F.2d 1073, 1077 (10th Cir. 1991)(citations omitted). *See also, Watman,* 301 F.3d at 8 (indicia of fraud include "(1) insider relationships between the parties; (2) the retention of possession, benefit, or use of the property in question; (3) the lack or inadequacy of consideration for the transfer; (4) the financial condition of the party sought to be charged both before and after the transaction at issue; (5) the existence or cumulative effect of the pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties , or pendency or threat of suits by creditors; (6) the general chronology of the events and transactions under inquiry; and (7) an attempt by debtor to keep the transfer a secret.")(citations omitted).

10

addition, one of the transferees was Mr. Potter's father.[17]  Questions of intent, however, are difficult to resolve on summary judgment.[18]

"The mere fact that a transaction occurred soon before the filing of bankruptcy does not necessarily support the inference of fraud."[19]  Thus, while the timing of Mr. Potter's sale of his interest in Monte Mac is suspect, it is not sufficient in itself to support an inference of fraudulent intent.   Next, because Mr. Potter's father was one of the remaining interest holders in Monte Mac, the fact that a close relative purchased a portion of Mr. Potter's partnership interest is not particularly suggestive of fraudulent intent.[20]  Finally, when questioned about the transfer at the deposition taken in connection with this adversary proceeding, Mr. Potter testified that he sold his interest in Monte Mac because he needed the money to stay alive, and that he lived off of the proceeds from the sale.[21]   These statements, if taken as true, tend to negate Mr. Potter's

---

[17]*Cf. Keck,* 363 B.R. at 199 (fraudulent intent present where the value of the assets converted was high, the conversion occurred shortly before the filing of the bankruptcy, and the conversions were concealed from creditors and the trustee by failing to accurately disclose the conversion of assets in order to purchase exempt property, "coupled with the tenor of [the debtor's] live testimony").

[18]*See Compton v. Herrman (In re Herrman),* 355 B.R. 287 (Bankr.D.Kan. 2006)(stating that, "[a]s a general rule, questions involving a person's intent or other state of mind cannot be resolved on summery judgment.")(citing *Prochaska v. Marcoux,* 632 F.2d 848, 851 (10th Cir. 1980)(remaining citation omitted).  *See also, Watman,* 301 F.3d at 8 (noting that "[o]ften, the intent issue will tern on the credibility and demeanor of the debtor . . .")(citation omitted).

[19]*Brown,* 108 F.3d at 1293 (citing 6 Collier on Bankruptcy ¶ 727.02(3)(a) (15th ed. rev. 1996)).

[20]*Cf. Davison,* 296 B.R. at 846 (stating that "[t]he fact that the real property was transferred to Mrs. Davison's sisters is also somewhat less suggestive of fraudulent intent here because they were the co-owners of the property, those most likely to be interested in buying it and willing to pay the most for a fractional interest in real property.")

[21]When questioned at his deposition taken in connection with this adversary proceeding about the sale of his interest in Monte Mac, Mr. Potter testified, in part, as follows:

fraudulent intent *at the time of the transfer*.[22]  The Court, therefore, cannot grant summary judgment on the claims to deny Mr. Potter's discharge under 11 U.S.C. § 727(a)(2)(A) based on the pre-petition Monte Mac transaction because intent has not been established.

<u>The Undisputed Facts are Sufficient to Support Denial of Discharge Under 11 U.S.C. § 727(a)(4) - False Oath</u>

"The purpose of § 727(a)(4) is to enforce a debtor's duty of disclosure and to ensure that the debtor provides reliable information to those who have an interest in the administration of the estate."[23]  Under 11 U.S.C. § 727(a)(4)[24], the party objecting to the debtor's discharge must prove by a preponderance of the evidence that "(1) the debtor made a statement under oath; (2)

---

    Q    And why did you sell it?
    A    I needed the money to stay alive.
    Q    And what did you do with the proceeds?
    A    Lived off it.

Deposition of Jeffery Potter, July 28, 2008, p. 26, lines 4 -7; UST's Exhibit 4.

[22]*Cf. Davison,* 296 B.R. at 846 (denying summary judgment under 11 U.S.C. § 727(a)(2)(A) were debtor testified that she used the money from the pre-petition sale of real property to pay for general living expenses, which "if believed by the fact finder, could lead to the conclusion that the [debtors] were not acting with any fraudulent intent when they made the transfers."); *Brown,* 108 F.3d at 1293 (finding a lack of evidence to support inference of fraudulent intent based on pre-petition grant of security interest to "obtain much needed capital for his businesses, which were his sole source of income" especially when "[t]here was no evidence that the money was not reasonably used or that it was squandered.").

[23]*Structured Asset Services, LLC v. Self (In re Self),* 325 B.R. 224, 245 (Bankr.N.D.Ill. 2005)(citing *Clean Cut Tree Service, Inc. v. Costello (In re Costello),* 299 B.R. 882, 899 (Bankr.N.D.Ill. 2003)(remaining citations omitted)).

[24]That section provides:
    The court shall grant the debtor a discharge, unless –
        (4) the debtor knowingly and fraudulently, in or in connection with the case--
            (A) made a false oath or account.
    11 U.S.C. § 727(a)(4)(A).

the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case."[25] Omissions from the debtor's Schedules and Statement of Financial Affairs as well as statements made by the debtor at the meeting of creditors can constitute false oaths within the meaning of 11 U.S.C. § 727(a)(4).[26] A false statement is material for purposes of 11 U.S.C. § 727(a)(4) if it bears a relationship to the debtor's business transactions or estate, concerns the discovery of assets, business dealings, or the existence and disposition of the debtor's property.[27]

Mr. Potter failed to respond to the UST's Motion or to the Chapter 7 Trustee's Motion, but attended the final hearing. At the final hearing, Mr. Potter stated that he did not intend to hinder or delay his creditors and that he never wanted to file bankruptcy. He blamed his former counsel for forcing him to file bankruptcy, and claimed that he has been duped by his attorneys throughout the bankruptcy process. What Mr. Potter failed to do is offer any explanation as to

---

[25]*McVay v. Phouminh (In re Phouminh),* 339 B.R. 231, 242 (Bankr.D.Colo. 2005)(citations omitted); *Clark v. Kearns (In re Kearns),* 149 B.R. 189, (Bankr.D.Kan. 1992)(stating that the Chapter 7 trustee must prove the elements for denial of discharge under § 727(a)(4) by a preponderance of the evidence)(citing *In re Hadley,* 70 B.R. 51, 54 (Bankr.D.Kan. 1987).

[26]*See In re Garland,* 385 B.R. 280, 298 (Bankr.E.D.Okla. 2008)("Omitting assets from the debtor's Statement of Affairs or other schedules may constitute a false oath under § 727(a)(4) sufficient to deny a discharge.")(citing *Calder v. Job (In re Calder),* 907 F.2d 953, 955 (10th Cir. 1990)); *In re Butler,* 377 B.R. 895, 922 (Bankr.D.Utah 2006)("'A debtor's petition, schedules, statement of financial affairs, statements made at a 341 meeting, testimony given at a Federal Rule of Bankruptcy Procedure 2004 examination, and answers to interrogatories all constitute statements under oath for purposes of § 727(a)(4).'")(quoting *Self,* 325 B.R. at 245)(remaining citations omitted)); *Davison,* 296 B.R. at 847 ("A false statement by the debtor at an examination during the course of the proceedings also may constitute a false oath under § 727(a)(4)(A).")(citation omitted).

[27]*In re Calder,* 907 F.2d 953, 955 (10th Cir. 1990)(quoting *In re Chalik,* 748 F.2d 616, 618 (11th Cir. 1984).

13

why he did not list the sale of his interest in Monte Mac in his SOFA.

The sale occurred only one month before the filing of the bankruptcy petition. Question 10 on the SOFA requests the debtor to

> List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case.

It is implausible that Mr. Potter simply forgot about the transaction that occurred shortly before the filing of the bankruptcy from which he obtained over $70,000. At his first meeting of creditors, he testified under oath that his statements and SOFA were true and correct, yet this transfer was plainly omitted from the SOFA. He never filed an amendment to correct this omission, and did not voluntarily inform anyone of this pre-petition transfer until questioned at the meeting of creditors following the conversion of his case. His omission cannot plausibly be characterized as an inadvertent omission or honest mistake.[28]

Mr. Potter consistently blames his former counsel for giving poor advice in connection with his bankruptcy, but "'the advice of counsel is not a defense when it is transparently plain that the property should be scheduled.'" *Hibernia Nat'l Bank v. Perez,* 124 B.R. 704, 710 (E.D.La. 1991), *aff'd,* 954 F.2d 1026 (5th Cir. 1992)(quoting *In re Mascolo,* 505 F.2d 274, 277 (1st Cir. 1974)(remaining citations omitted).[29] A debtor is obligated to amend his or her

---

[28]*See Brown,* 108 F.3d at 1294-1295 ("A debtor will not be denied discharge if a false statement is due to mere mistake or inadvertence. Moreover, an honest error or mere inaccuracy is not a proper basis for denial of discharge.")(citations omitted).

[29]*See also United States Trustee v. Eppers (In re Eppers),* 311 B.R. 826, 832-833 (Bankr.D.N.M. 2004)(stating that "[r]eliance on counsel in completing statements and schedules is no defense to material misstatements contained therein, unless such reliance was reasonable.")(citing *Hatton v. Spencer (In re Hatton),* 204 B.R. 477, 484 (E.D.Va. 1997)).

14

statements and schedules to correct any inadvertent omissions or mistakes, and may not

> decide for himself which questions on the Statement of Affairs should be answered fully, completely and truthfully. The Debtor cannot omit information required of him simply because he believes or decides the property omitted has no value or the information is not necessary. This is for the creditors and the Court to decide.
>
> *Morrel, West & Saffa, Inc. v. Riley (In re Riley),* 128 B.R. 567, 569 (Bankr.N.D.Okla. 1991).

The undisputed facts in this case are similar to those in *First Nat'l Bank, Larned v. Davison (In re Davison),* 296 B.R. 841 (Bankr.D.Kan. 2003). In *Davison,* the debtors failed to list two pre-petition transfers of property to relatives: a gift of a 1/64th oil and gas interest to the debtor's mother, and a sale of a one-third landlord's interest in certain farmland to the debtor's sisters. In granting summary judgment on plaintiff's claim to deny the debtors' discharge under 11 U.S.C. § 727(a)(4), the *Davison* court relied on the undisputed evidence that the debtors 1) never filed an amendment to correct their statement of financial affairs; 2) failed to voluntarily bring their omissions to the attention of the trustee until examined for a second time under Rule 2004; 3) waited until they were questioned to disclose the transfers; 4) offered no explanation as to why they failed to disclose the transfers in their statement of financial affairs. *Id.* at 848.

In the instant case, Mr. Potter omitted any reference to Monte Mac from his statements and SOFA, and did not voluntarily inform anyone of the transfer at his first meeting of creditors. To the contrary, he only disclosed the information when questioned about it by a creditor at the continuation of the meeting of creditors. He never filed an amendment to correct this omission.

Further, the omission was material. It related to Mr. Potter's business transactions, and

15

concerned the disposition of his property.[30] The circumstances surrounding the omission also demonstrate, at a minimum, that his failure to list the transfer was made with reckless indifference to the truth, which is sufficient to establish fraudulent intent under 11 U.S.C. § 727(a)(4).[31] The transfer occurred shortly before the filing of the bankruptcy petition and involved a significant sum of money. Essentially, Mr. Potter converted what would have otherwise constituted property of the bankruptcy estate to his own personal use, and concealed the transaction by failing to report the transfer on his SOFA. This circumstantial evidence is sufficient for the Court to infer that Mr. Potter's omission was both knowing and fraudulent within the meaning of 11 U.S.C. § 727(a)(4). As stated by the *Davison* court, "[t]he intent that is relevant under § 727(a)(4)(A) is whether the [debtors] 'knowingly and fraudulently' omitted the transfers from their statement of financial affairs, not whether they made the transfers with a fraudulent intent." *Davison,* 296 B.R. at 848. Given Mr. Potter's failure to offer any reasonable explanation for the omission, no other inference but that the omission was both knowing and fraudulent can be drawn from the undisputed facts now before the Court. Mr. Potter did not file a response to the UST's Motion or the Chapter 7 Trustee's Motion, and his

---

[30]*See Calder,* 907 F.2d at 955 (a false statement is material "'if it bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property.'")(quoting *Chalik,* 748 F.2d at 618).

[31]*See, e.g., Beaubouff,* 966 F.2d at 178 (affirming bankruptcy court's determination that the debtor's failure to correct inconsistences and omissions in amended schedules "constituted reckless indifference to the truth, and, therefore, the requisite intent to deceive.")(citation omitted); *King,* 272 B.R. at 302 (stating that "'reckless indifference to the truth has consistently been treated as the functional equivalent of fraud for purposes of § 727(a)(4).'")(quoting *Tully,* 818 F.2d at 112 (internal quotes, citation and footnote omitted)). *See also Butler,* 377 B.R.at 922-923 (acknowledging that reckless indifference to the truth can satisfy the fraudulent intent element under 11 U.S.C. § 727(a)(4) and defining "reckless disregard" as "'not caring whether some representation is true or false.'")(quoting *Self,* 325 B.R. at 248).

16

simple denial of fraudulent intent at the final hearing is insufficient to raise an issue of material fact.[32]

Based on the foregoing, the Court will grant the UST's Motion and the Chapter 7 Trustee's Motion on their claims to deny Mr. Potter's discharge under 11 U.S.C. § 727(a)(4). A judgment consistent with this Memorandum Opinion will be entered.

                                             /s/ Mark B. McFeeley
                                             MARK B. McFEELEY
                                             United States Bankruptcy Judge

Date entered on docket: June 23, 2009

COPY TO:

Alice Nystel Page
Office of the United States Trustee
PO Box 608
Albuquerque, NM 87103

George "Dave" Giddens, Jr.
Attorney for Chapter 7 Trustee
10400 Academy Road NE, Suite 350
Albuquerque, NM 87111

Jeffery W. Potter
PO Box 8280
Santa Fe, NM 87504

---

[32] *See* Fed.R.Civ.P. 56(e). *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d. 265 (1986).

17